UNITED STATES DISTRICT COURT
*for the*
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| Renea Garber-Cislo, et al | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Case No. 10-cv-13301 |
| State Farm Mutual Automobile Insurance | ) | Hon. Arthur J. Tarnow |
| Company, | ) | Magistrate Judge Michael J. Hluchaniuk |
| | ) | |
| Defendant. | ) | |
| _____/ | ) | |

## PLAINTIFFS' MOTION TO ENFORCE THE COURT'S ORDER, DATED DECEMBER 8, 2010, AND FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

Plaintiffs, Renea Garber-Cislo and Bryan Garber, as Co-Conservators of Kelsey Garber, by their attorneys Liss, Seder & Andrews, P.C., moves this Court to enforce the Court's Order, pursuant to Mich. Comp. Laws 500.3112, directing Defendant State Farm to make payment of attendant care benefits directly to the individual care providers, and for entry of partial summary judgment because under Fed. R. Civ. P. 56 there are no genuine issues as to any material fact that Defendant State Farm Mutual Automobile Insurance Company has failed to pay certain uncontested owed attendant care benefits, in accordance with the Court's Order, within 30 days of its receipt of reasonable proof of the fact and the amount of loss sustained in violation of the Michigan No Fault Automobile Insurance Act. This motion is based on the attached Brief and exhibits.

Respectfully submitted,

Date: March 31, 2011

s/Benjamin S. Reifman
Liss, Seder & Andrews, PC
39400 Woodward Ave. Suite 200
Bloomfield Hills, MI 48304
248.647.9700

breifman@lissfirm.com
Attorney Bar No. P31387

UNITED STATES DISTRICT COURT
*for the*
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| Renea Garber-Cislo, et al | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Case No. 10-cv-13301 |
| State Farm Mutual Automobile Insurance | ) | Hon. Arthur J. Tarnow |
| Company, | ) | Magistrate Judge Michael J. Hluchaniuk |
| | ) | |
| Defendant. | ) | |
| _____/ | ) | |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE COURT'S ORDER, DATED DECEMBER 8, 2010, AND FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

## TABLE OF CONTENTS

Statement of Concurrence........................................................................................ ii

Statement of Issues ................................................................................................ iii

Statement of Controlling Authority ........................................................................ iv

Index of Authorities ................................................................................................ v

Introduction............................................................................................................. 1

Law and Argument ................................................................................................. 4

    1.     Standard of Review.................................................................... 4

    2.     Enforcing The Court Order, dated December 8, 2010........................ 5

    3.     There is no question of material fact that No Fault penalty interest
           is owed, pursuant to Mich. Comp. Laws. 500.3142, on the
           uncontested amounts of attendant care benefits and Partial
           Summary Judgment should be granted on the issue to date. ................................. 6

Relief Requested .................................................................................................... 8

**STATEMENT OF CONCURRENCE**

Plaintiff counsel, Benjamin Reifman, sought concurrence from defense counsel but could not obtain concurrence in the relief sought pursuant to E.D.Mich. LR 7.1.

## STATEMENT OF ISSUES

***Issue 1:***      Whether defendant State Farm must comply with the Court's Order, dated December 8, 2010, directing payment for family provided attendant care services be made payable to the individual care providers, rather than the estate of the injured person.

***Issue 2***:      Whether State Farm's payment of attendant care benefits are overdue when State Farm has failed and refused to make payments to the proper payee of the benefits within 30 days of receipt of reasonable proof of the fact and the amount of loss sustained.

## STATEMENT OF CONTROLLING AUTHORITY

*Issue 1*:      LR 72.2

*Issue 2*:      Fed. R. Civ. P. 56.

               Mich. Comp. Laws §500.3142.

               *Williams v. AAA Michigan*, 250 Mich. App. 249, 646 N.W.2d 476 (2002).

## INDEX OF AUTHORITIES

***Cases***

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................. 5

*Harney v. Speedway Super-America*, LLC, 526 F.3d 1099 (7th Cir. 2008) .................................. 5

*Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990) ........................................ 5

*Shavers v Kelly*, 402 Mich 554; 267 NW2d 72 (1978) .................................................. 6

***Statutes***

MCL 500.3101 ............................................................................................. 1

MCL 500.3142 ............................................................................................. 7

***Court Rules***

Fed. R. Civ. P. 56 .......................................................................................... 2, 3

## INTRODUCTION

Plaintiffs' Renea Garber-Cislo and Brian Garber, Co-Conservators of Kelsey Garber, seek personal injury protection insurance benefits under the Michigan No Fault Automobile Insurance Act, Mich. Comp. Law. 500.3101, *et seq*., (the Act) on behalf of Kelsey Garber.  Ms. Garber's automobile insurance company, Defendant State Farm, has failed and refused to properly and timely pay owed automobile insurance benefits in accordance with the Act.  One of the major issues in this litigation is State Farm's failure and refusal to properly and timely pay for attendant care benefits.  However, State Farm has conceded that some attendant care benefits are owed, albeit at a significantly discounted rate.  This motion relates only to these uncontested amounts, specifically State Farm's refusal to make payment of these amounts properly payable to the attendant care providers and the interest owed, under MCL 500.3142, as a result of State Farm's failure to pay these benefits within 30 days of receipt of reasonable proof of the fact and the amount of loss sustained.

Plaintiffs' motion seeks enforcement of the Court's Order, dated December 8, 2010, directing State Farm to make payment of attendant care benefits properly payable to the individual attendant care providers, as well as, costs and attorney fees associated with enforcement of this order and any other remedies the Court finds fit.  Additionally, Plaintiffs seek no fault penalty interest at 12% per annum on these overdue and uncontested amounts, under Fed. R. Civ. P. 56, as there are no genuine issues as to any material fact that Defendant State Farm has failed to pay these owed attendant care benefits, in accordance with the Court's Order, within 30 days of its receipt of reasonable proof of the fact.

## STATEMENT OF FACTS

On August 16, 2009, Kelsey Garber sustained serious and life altering injuries as a passenger in an automobile accident.  Her injuries included a traumatic brain injury with an

1

initial Glasgow Coma Scale of 3, a subdural hematoma that required a ventricular drain, encephalomalacia at the right frontal lobe and low attenuation in the bilateral temporal lobes. Additionally she sustained multiple traumas and serious orthopedic injuries including: laceration of the spleen and liver; multiple fractures of pelvis; multiple fractures to both legs; fractured vertebrae; fractured ribs; and, multiple open wounds, as well as other injuries. Kelsey Garber was the named insured on a Michigan No Fault Automobile Insurance Policy at the time of the accident and is entitled to Personal Protection Insurance (PIP) benefits through her no fault automobile insurance carrier, Defendant State Farm.

As a result of the injuries sustained in the accident, Ms. Garber requires and has been prescribed and provided with attendant care as a reasonable and necessary accommodation for her care, recovery and rehabilitation resulting from the accident. As such, Kelsey Garber is entitled to attendant care benefits under Mich. Comp. Laws §500.3107 as an allowable expense from her automobile insurance carrier, State Farm. This medical benefit is compensable to the same extent regardless if it is provided by family members or medical professionals.

On July 19, 2010, Plaintiffs provided State Farm with reasonable proof of the fact and the amount of loss sustained relating to attendant care services provided to Ms. Garber by her family for 959.75 hours of attendant care provided during the period of August 16, 2009 through June 30, 2010. [Exhibit 1]  On August 17, 2010, State Farm acknowledged receipt of reasonable proof of this incurred and covered attendant care expense, and made a payment for each of the 959.75 hours albeit at the significantly undervalued rate of $13 per hour. However, in addition to being an insufficient payment and although Ms. Garber and her family had specifically requested that payment be properly made payable to the attendant care providers, State Farm improperly made the payment payable to the Estate of Kelsey Garber, instead.

Although State Farm pays all other medical providers directly for their services, State Farm refused to make payment for this uncontested amount of attendant care benefits payable to the service providers.  In response to a renewed request from Ms. Garber and her care providers that State Farm reissue the payment properly, State Farm filed a motion requesting the Court enter an Order, pursuant to MCL 500.3112, directing that all payments for attendant care benefits be made to the Estate of Kelsey Garber.

Defendant's Motion was heard on November 18, 2010 and, after the parties were provided with a full opportunity to argue their positions and thorough analysis of the issues by Magistrate Judge Michael Hluchaniuk, the Court found State Farm's request inappropriate and unsupported by fact or law.  The Court instead entered an Order, pursuant to MCL 500.3112, granting Plaintiffs' request that State Farm be directed to properly pay for family provided attendant care services directly to the individual care providers.  The Court entered its Order [Dkt. 7], on December 8, 2010, which stated in pertinent part:

> This matter having come before the Court on Defendant's Motion for Entry of Order Pursuant to MCL 500.3112, briefs having been filed, argument heard on November 18, 2010, and the Court being fully advised:

> IT IS HEREBY ORDERED that Defendant's Motion hereby is granted in part and denied in part. State Farm is ordered to make family provided attendant care payments directly to the individual care providers based upon submission of claims by each individual care provider, or otherwise by agreement of the parties.

Despite the Court's Order, State Farm continued to refuse to reissue the August 17, 2010 attendant care payment, in the uncontested amount of $12,476.75, to be properly payable to the individual care providers.  In addition, on December 1, 2010, State Farm was provided with reasonable proof of the fact and amount of loss for 2,579.5 hours of attendant care services provided to Kelsey during the period of July 1, 2010 through October 31, 2010. [Exhibit 2] Again State Farm made a payment for all 2,579.5 hours demanded, albeit again at a significantly

3

discounted rate per hour, and <u>again State Farm refused to make the payment properly payable to the attendant care providers</u> in defiance of the Court's Order of December 8, 2010.

Although State Farm did file an objection to the Court's Order [Dckt. 17] on December 21, 2010, State Farm has never moved the Court for a Stay of this Order and the Court has never granted a stay of this Order. As neither the Magistrate Judge nor a District Judge have stayed the Court's order, Magistrate Hluchaniuk's ruling remains in full force and effect and **STATE FARM IS IN VIOLATION OF THE COURT'S ORDER**. Plaintiff requests that the Court enter an order enforcing the ruling and directing that Defendant State Farm to reissue payment for the uncontested attendant care benefit amounts properly made payable to the attendant care providers.

In addition, there is no question of material fact that State Farm has failed to properly pay uncontested No Fault attendant care benefits within 30 days of receipt of reasonable proof of the fact and the amount of loss, and Plaintiff requests that the Court award no fault penalty interest, pursuant to MCL 500.3142 at 12% per annum on these uncontested amounts.

**LAW AND ARGUMENT**

*1.      Standard of Review*

Fed. R. Civ. P. 56 provides for summary judgment and states:

(a)      By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.

*                *                *

(2)      The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

*                *                *

(d)      **Case Not Fully Adjudicated on the Motion.**

4

\*       \*       \*

> (1)   ***Establishing Facts***.  If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue.  The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys.  It should then issue an order specifying what facts – including items of damages or other relief – are not genuinely at issue. The facts so specified must be treated as established in the action.

Fed. R. Civ. P. 56(a), (c)(2) and (d)(1).  The purpose of summary judgment is to isolate, and then terminate, claims and defenses that are factually unsupported.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, a party moving for summary judgment forces the opponent to come forward with at least one sworn averment of fact essential to that opponent's claims or defenses, before the time consuming process of litigation will continue.  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).  The non-moving party must do this by setting forth "specific facts" showing that there is a genuine issue requiring trial.  *Beard v. Banks*, 548 U.S. 521, 529 (2006).  If that party is unable to make that showing, the law requires entry of a judgment in favor of the moving party.  *Id*., 548 U.S. at 529.  As one court has described it, a Rule 56 motion is "essentially 'put up or shut up' time for the non-moving party."  *Harney v. Speedway Super-America*, LLC, 526 F.3d 1099, 1104 (7th Cir. 2008).

### 2.   *Enforcing The Court Order, dated December 8, 2010*

On December 8, 2010, the Court ordered, pursuant to MCL 500.3112, State Farm to make payment for the attendant care benefits of Ms. Garber directly to the attendant care providers.  State Farm has failed and refused to Comply with this Order.  State Farm did object to the order, but State Farm has not requested or been granted any stay of this order by the Magistrate Judge or a District Judge.   LR 72.2 specifically provides for the effect of a Magistrate Judge ruling pending Appeal to a District Judge:

5

>When an objection is filed to a magistrate judge's ruling on a non-dispositive
>motion, the ruling remains in full force and effect unless and until it is stayed by
>the magistrate judge or a district judge.

The December 8, 2010 Court Order [Dckt. 7] remains in full force and effect and State Farm

refuses to comply.  Ms. Garber's family has been providing attendant care services for over a

year, and although State Farm has conceded that attendant care benefits in the amounts of at least

$12,476.75 and $38,692.50 are due, the care providers have not seen any of this money.  Plaintiff

requests entry of an order directing Defendant to reissue these uncontested amounts of attendant

care benefits as directed by the December 8, 2010 Order and awarding Plaintiffs costs, attorney

fees and any other remedies the Court sees fit for Defendant's blatant refusal to obey the Court's

Order.

### 3.     There is no question of material fact that No Fault penalty interest is owed, pursuant to Mich. Comp. Laws. 500.3142, on the uncontested amounts of attendant care benefits and Partial Summary Judgment should be granted on the issue to date.

The purpose of the No-Fault Act is the prompt reparation of benefits.  Justice Williams,

in the landmark Michigan Supreme Court case of *Shavers v Kelly*, 402 Mich 554; 267 NW2d 72

(1978), characterized the goal of the Act in the opening sentence of the Court's opinion:

>The Michigan No-Fault Insurance Act, which became law on October 1, 1973,
>was offered as an innovative social and legal response to the long ***payment delays***,
>***inequitable payment*** structure, and ***high legal costs*** inherent in the tort (or
>"fault") liability system. The goal of the no-fault insurance system was to provide
>victims of motor vehicle accidents ***assured, adequate, and prompt reparation*** for
>certain economic losses.

*Shavers*, 402 Mich. at 579, 267 N.W.2d at 77.   The Legislature's intent to further these goals

and eliminate delay and endless investigation of claims by insurance companies is plainly set

forth by the Act.  The insurer is required to investigate claims and determine the payment of

benefits within 30 days:

>(2) Personal protection insurance benefits are overdue if not paid within 30 days
>after an insurer receives reasonable proof of the fact and of the amount of loss

6

sustained. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Any part of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. For the purpose of calculating the extent to which benefits are overdue, payment shall be treated as made on the date a draft or other valid instrument was placed in the United States mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery.

(3) An overdue payment bears simple interest at the rate of 12% per annum.

MCL 500.3142

It is uncontested that on July 19, 2010, State Farm received reasonable proof of the fact and amount of loss for 959.75 hours of attendant care services provided to Ms. Garber during the time period of August 16, 2009 through June 30, 2010.  It is uncontested that State Farm owes **<u>at</u> <u>least</u>** $12,476.75 for the care provided during that time period.  It is uncontested that State Farm has failed and refused to properly pay this owed uncontested benefit in accordance with the Court's Order, dated December 8, 2010, and the Michigan No Fault Act within 30 days of receiving reasonable proof of the fact and the amount of loss.  There is no question of fact that State Farm payment is late and State Farm owes No Fault penalty interest, in accordance with Mich. Comp. Laws. 500.5142, on the uncontested amount.

It is uncontested that on December 1, 2010, State Farm received reasonable proof of the fact and amount of loss for 2579.50 hours of attendant care services provided to Ms. Garber during the time period of July 1, 2010 through October 31, 2010.  It is uncontested that State Farm owes **<u>at least</u>** $38,692.50 for the care provided during that time period.  It is uncontested that State Farm has failed and refused to properly pay this owed uncontested benefit in accordance with the Court's Order, dated December 8, 2010, and the Michigan No Fault Act within 30 days of receiving reasonable proof of the fact and the amount of loss.  There is no

7

question of fact that State Farm's Payment is late and State Farm owes No Fault penalty interest, in accordance with Mich. Comp. Laws. 500.5142, on the uncontested amount.

These uncontested amounts are clearly overdue under the No-Fault Act and the Court should enter an Order finding these payments late and the Plaintiffs' entitled to No Fault Penalty interest at 12% per annum in accordance with MCL 500.3142.

## RELIEF REQUESTED

Wherefore, Plaintiffs request that this Court enter an Order granting Plaintiff's Motion and ordering as follows:

(1)     That State Farm is violation of the Court's Order of December 8, 2010.  State Farm is directed to reissue all payments for attendant care benefits in accordance with the Court's Order.

(2)     Plaintiffs' are awarded any costs and attorney fees associated with this motion and Defendant's failure to comply with the December 8, 2010 Order, and any other remedy the Court sees fit.

(3)     That Plaintiff's motion for Partial Summary Judgment is granted and the Court finds that State Farm is late in the payment of the uncontested attendant care benefits payments and that No Fault Penalty Interest is due and owing on these uncontested amounts in accordance with Mich. Comp. Laws. 500.3142.

Respectfully submitted,

Date:  March 31, 2011

s/Benjamin S. Reifman
Liss, Seder & Andrews, PC
39400 Woodward Ave. Suite 200
Bloomfield Hills, MI 48304
248.647.9700
breifman@lissfirm.com
Attorney Bar No. P31387

8

**UNITED STATES DISTRICT COURT**
*for the*
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| Renea Garber-Cislo, et al | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Case No. 10-cv-13301 |
| State Farm Mutual Automobile Insurance | ) | Hon. Arthur J. Tarnow |
| Company, | ) | Magistrate Judge Michael J.  Hluchaniuk |
| | ) | |
| Defendant. | ) | |
| _____/ | ) | |

### CERTIFICATE OF SERVICE

Benjamin S. Reifman states that he served a copy of the following documents electronically upon all attorneys of record:

- **PLAINTIFFS' MOTION TO ENFORCE THE COURT'S ORDER, DATED DECEMBER 8, 2010, AND FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

Date:  March 31, 2011

s/Benjamin S. Reifman _____
Liss, Seder & Andrews, PC
39400 Woodward Ave. Suite 200
Bloomfield Hills, MI 48304
248.647.9700
breifman@lissfirm.com
Attorney Bar No. P31387

9